**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION**

IN RE:

JAY D. GIBSON                                                                                    CASE NO. 12-30563
DEBTOR

## OPINION AND ORDER

This case is before the Court on South Central Bank's ("SCB") motion to dismiss or convert [Doc. 136], and on Debtor's motion to modify his chapter 13 plan [Doc. 146], and related papers.

Debtor's plan treats SCB as a secured creditor "by making payments directly to the Creditor according to the underlying contract." [Doc. 48.] The underlying promissory note matured without payment, so SCB filed the motion to dismiss or convert. [Doc. 136.] Debtor responded with the motion to modify his plan claiming a change in circumstances because third parties had stopped making the payments for the Debtor. Therefore, Debtor asserts he should have the right to change the treatment of the SCB claim from secured to unsecured because SCB did not perfect its lien prepetition.

SCB points out, however, that Debtor is prohibited from modifying the plan post-petition to reclassify a claim from secured to unsecured. Section 1329 of the Code, which addresses modification, generally only authorizes modifications that "alter[] . . . the amount or timing of specific payments." *Chrysler Fin. Corp. v. Nolan (In re Nolan)*, 232 F.3d 528, 532 (6th Cir. 2000). *See* 11 U.S.C. § 1329(a)(1) (authorizing modifications that increase or reduce the amount of payments); 11 U.S.C. § 1329(a)(2) (authorizing modifications that extend or reduce the time for payments). Section 1329 does not expressly authorize the reclassification of claims.

Accordingly, the Sixth Circuit has held that modifications to reclassify are prohibited. *See Nolan*, 232 F.3d at 533 ("Section 1329(a)(1) should not be read so broadly as to authorize the reclassification of claims"); *Ruskin v. DaimlerChrysler Servs. North Am. LLC (In re Adkins)*, 425 F.3d 296 (6th Cir. 2005) (applying *Nolan* to bar debtors from surrendering collateral post-confirmation and then moving to modify to treat the deficiency as unsecured).

Debtor has not attempted to distinguish this authority, instead only arguing that the plan's treatment of SCB as secured was incorrect. In oral argument, the Debtor argued that a claim perfected post-petition is an unsecured claim, citing *GAF Linden Emps. Fed. Credit Union v. Robertson (In re Robertson)*, 232 B.R. 846 (Bankr. D. Md. 1999). *Robertson* is not helpful because the confirmed plan treated the claim as unsecured and the adversary was brought by the claimant after confirmation. *See Robertson*, 232 B.R. at 853.

Here, the plan treats SCB as a secured creditor, despite the possibility the claim was unperfected when filed and the subsequent perfection potentially violated the automatic stay. A debtor may not modify his plan to readdress "issues that were . . . decided at the time the plan was originally confirmed." *Storey v. Pees (In re Storey)*, 392 B.R. 266, 272 (B.A.P. 6th Cir. 2008). Therefore, the modification sought by the Debtor is not allowed and the motion to modify [Doc. 146] is DENIED.

The Debtor may file a new motion to modify his plan, or take other action to address the motion to dismiss [Doc. 136], within fourteen days of this order. If no action is taken, the Motion to Dismiss will be granted. If action is taken, SCB's motion to dismiss will come before the Court on **April 23, 2015 at 10:00 a.m., at U.S. Bankruptcy Court, Second-Floor Courtroom, 100 East Vine Street, Lexington, Kentucky**.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



Signed By:
*Gregory R. Schaaf*
**Bankruptcy Judge**
Dated: Friday, March 20, 2015
(grs)